IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv–01694-WYD-KLM

E&S LIQUORS, INC., and
STEPHEN PILKINGTON,

    Plaintiffs,

v.

UNITES STATES FIDELITY & GUARANTY COMPANY,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion to Amend Complaint** [Docket No. 33; Filed December 8, 2008] (the "Motion"). Plaintiffs seek to amend the complaint by adding claims for outrageous conduct and exemplary damages. Defendant opposes the motion.

The case arises from the denial of Plaintiffs' insurance claim by Defendant. Plaintiffs' claim involved the destruction by fire of E&S Liquors, Inc., a business owned by Plaintiff Stephen Pilkington. He was charged with arson, but was acquitted at trial. After Defendant denied Plaintiffs' claim based on his complicity in the arson, Plaintiffs filed this action, raising three claims for relief: (1) breach of contract; 2) breach of implied duty of good faith and fair dealing; and (3) willful and wanton breach of contract.

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has

been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's outrageous conduct claim alleges that Defendant knew that denial of his claim would result in severe emotional distress, the defendant did not take into account his acquittal in the criminal case, and that Defendant's investigation of Plaintiffs' insurance claim ignored evidence favorable to that claim. Defendant contends that Plaintiffs' motion is untimely, prejudicial, and futile because it is barred by the statute of limitations.

The statute of limitations for an outrageous conduct claim is two years from the date the cause of action accrued. Colo. Rev. Stat. § 13-80-102(1)(a). The cause of action accrues on the date when the injury occurred and its cause was known or should have been known by the exercise of reasonable diligence. Colo. Rev. Stat. § 13-80-108(1). Defendant contends that the cause of action accrued on September 2, 2005, the date Plaintiffs' claim was denied. Plaintiffs assert that their outrageous conduct claim involves conduct occurring after the denial of his claim and following his criminal trial, and within the two-year limitations period.

When the statute of limitations is not patently clear from the face of the complaint or the affirmative defense is not adequately factually developed, the claim is not subject to dismissal. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich v. McCulloch*

*Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Since it is not clear at this juncture that the outrageous conduct claim would be subject to dismissal, I find that it would not be futile to amend the complaint. Furthermore, the Court finds that Defendant would not be prejudiced by the inclusion of this claim. Whether Plaintiffs' amended complaint states a claim for outrageous conduct is a matter to be addressed in a dispositive motion. The facts alleged here are sufficient for a motion to amend.

Plaintiff also seeks to amend the complaint by adding a claim for exemplary damages. Colo. Rev. Stat. § 13-21-102(1.5)(a) provides, in relevant part:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after . . . the plaintiff establishes prima facie proof of a triable issue.

Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). *Prima facie* proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.; see also* Colo. Rev. Stat. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13-21-102."). Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. Plaintiffs appear to allege that Defendant committed willful and wanton conduct, as Plaintiffs argues that Defendant "continually refused to focus on any of the

contra-indicators of arson, focusing only on facts which justified denial of the claim and breached its duty to diligently search for evidence which supports its insured's claims....." *Reply* [#38] at 8.

The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). The Colorado Supreme Court has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Moreover, at this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of amending his Complaint to seek exemplary damages, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007) (unpublished decision).

Accordingly, the Court must consider whether Plaintiffs have alleged that "defendant [was] conscious of [its] conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiffs may be allowed to include a claim for punitive damages. *Coors*, 112 P.3d at 66. Plaintiffs argue that Defendant's conduct was willful and wanton because its agents knew their conduct would cause severe emotional distress and the company ignored evidence undermining its conclusion denying Plaintiffs' claim. Plaintiffs have provided an investigative report from a forensic engineer, the criminal trial testimony of their expert, and the testimony of Defendant's investigator in

support of his claim.

Considering that this evidence must be viewed in the light most favorable to Plaintiffs, and that leave to amend should be freely granted, the Court finds that it is sufficient to make out a *prima facie* case for willful and wanton behavior for the purposes of amending Plaintiffs' claims to seek exemplary damages. Plaintiffs have alleged that Defendants acted purposefully and willfully in failing to handle his claim. The Court finds that Defendant's alleged failure to engage in any further investigation and/or action on Plaintiffs' claim may demonstrate a *prima facie* case of heedless or reckless disregard for the consequences or rights of the insured. See *Coors*, 112 P.3d at 66. The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point.

IT IS HEREBY **ORDERED** that the Motion [Docket No. 33; Filed December 8, 2008 is **GRANTED**. The Court accepts Plaintiffs' Amended Complaint and Jury Demand [Docket No. 36-2] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall answer or otherwise respond to the Amended Complaint on or before **April 15, 2009**.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 26, 2009